Filed 11/18/20  P. v. Woods CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B297545 |
| Plaintiff and Respondent, | Los Angeles County Super. Ct. No. BA462630 |
| v. | |
| KEVIN DONALD WOODS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Michael D. Abzug, Judge.  Sentence modified; remanded with directions.

Patricia S. Lai, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Michael Katz, Deputy Attorneys General, for Plaintiff and Respondent.

In 2018 a jury convicted defendant and appellant Kevin Donald Woods of assault by means of force likely to produce great bodily injury. The jury found true an allegation that Woods personally inflicted great bodily injury on the victim. The trial court sentenced Woods to 18 years in the state prison. On March 27, 2019, we affirmed Woods's conviction but remanded the case for the trial court to consider whether to exercise its discretion to strike Woods's serious felony priors under Senate Bill No. 1393 (2017-2018 Reg. Sess.) (SB 1393).

This second appeal follows further proceedings in the trial court. Woods contends (1) his one-year prison prior must be stricken under Senate Bill No. 136 (2019-2020 Reg. Sess.) (SB 136); (2) the trial court should stay his restitution fine and court fees; and (3) the trial court should amend the abstract of judgment to reflect one additional day of presentence credit. The Attorney General agrees with all three contentions. Accordingly, we strike Woods's prison prior and remand the case for the trial court to correct the abstract of judgment to reflect (1) one more day of custody credit, and (2) that any and all court fines and fees are stayed.

## BACKGROUND

We summarized the facts giving rise to this prosecution in our March 2019 opinion affirming Woods's conviction. (*People v. Woods* (Mar. 27, 2019, B289798) [nonpub. opn.] (*Woods I*).) Woods asked us to take judicial notice of that opinion in this appeal, and we granted that request. In short, Woods attacked a homeless woman with whom he'd had a brief relationship, leaving her with various injuries, including broken teeth. (*Woods I*.) The trial court struck Woods's four strike priors for robbery and first degree burglary and sentenced him to 18 years in the state prison. The court chose the upper term of four years for the assault, plus three years for the infliction of great bodily

2

injury, plus two five-year terms under Penal Code section 667, subdivision (a)(1) for serious felony priors,[1] plus one year under section 667.5, subdivision (b) for a prior prison term. (*Woods I*.) We affirmed Woods's conviction but remanded the case for the trial court to exercise its discretion to strike or retain Woods's serious felony priors, as SB 1393 had taken effect while the case was on appeal. (*Woods I*.)

In the meantime, on February 27, 2019, Woods's court-appointed counsel filed a written motion in the trial court to strike his serious felony prior enhancements. The record on appeal does not include any written opposition by the District Attorney. The trial court conducted a hearing—at which Woods was present with counsel—on March 7, 2019. The court noted it had received a letter dated January 8 from the Attorney General suggesting the case be remanded "for the limited purpose of determining whether or not" Woods's five-year priors should be stricken. (The Attorney General had filed a letter on that issue at our request in *Woods I* and sent a copy to the trial court.)

The deputy district attorney told the court the People believed the 18-year sentence was appropriate. The prosecutor noted the victim was elderly and homeless, and suffered "lasting injuries." After hearing from counsel for Woods as well as the prosecutor, the court declined to strike either of the serious felony priors. The court noted it had stricken Woods's four strikes as well as all but one of his nine prison priors. The court stated the 18-year sentence was "severe" "[b]ut not unreasonable." Based on "the totality of the record" and the facts pertaining both to the defendant and the crime, the court declined to exercise its discretion to strike the two five-year priors.

---

[1]     Statutory citations are to the Penal Code.

At the March 7 hearing, defense counsel also asked the court "to stay any of the court fees," citing *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*). The prosecutor said the People "submit[ted]" on Woods's motion to stay the fees. The court stated, "I am happy to stay the fees, and I do. All of his fees are stayed except those mandatory because of his financial situation." The minute order states, "All fines/fees, except those mandatory, are permanently stayed."

The only abstract of judgment in the record on appeal is the abstract from the original sentencing in April 2018. That abstract shows a restitution fine of $400, a court operations assessment of $40, and a conviction assessment of $30. The second page of the abstract states, "All fine/fees, except mandatory, are permanently stayed."

## DISCUSSION

### 1. *Woods's one-year prison prior must be stricken*

Woods contends the one-year enhancement the trial court imposed under section 667.5, subdivision (b) must be stricken. The Attorney General agrees.

On October 8, 2019, the Governor signed SB 136 into law. Under the bill's amendment to section 667.5, subdivision (b), a one-year prior prison term enhancement applies only if the defendant served the prison term for a sexually violent offense as defined in Welfare & Institutions Code section 6600, subdivision (b). (See Stats. 2019, ch. 590, § 1.) (*People v. Lopez* (2019) 42 Cal.App.5th 337, 340-341.) The amended statute applies to defendants whose cases are not yet final. (*Lopez*, at pp. 341-342; *People v. Gastelum* (2020) 45 Cal.App.5th 757, 772-773.) Woods's prison prior was not for a sexually violent offense. Accordingly, we order it stricken.

4

## 2. *The parties agree Woods's restitution fine and court fees should be stayed*

At Woods's original sentencing in April 2018, the court stated, "All fines and fees are permanently stayed except those mandatory because of the defendant's age and length of time that [is] going to be spent in custody. I want him at least to get some privileges and not have it all sucked up by court fees." The minute order for April 10, 2018 states, "All fine/fees, except mandatory, are permanently stayed." As noted, the April 12, 2018 abstract of judgment says the same thing.

By the time the parties appeared before the court on the SB 1393 issue in March 2019, Division 7 of this court had issued the *Dueñas* decision. Defense counsel asked the court to "stay the fees unless the People demonstrate that the defendant has the ability to pay the fine." The court stated, "All of his fees are stayed except those mandatory because of his financial situation."

On appeal, Woods argues the court should have stayed his restitution fine and court fees, even those that are mandatory. The Attorney General asserts the court "*already granted* appellant's request on remand to stay these fines and fees."

*Dueñas* held due process requires a trial court to conduct an ability-to-pay hearing and determine a defendant's ability to pay before imposing assessments under the Penal and Government Codes and before executing a restitution fine under section 1202.4. (*Dueñas, supra,* 30 Cal.App.5th at p. 1164.) We agree with other courts that have concluded *Dueñas* was wrongly decided.

5

(See *People v. Hicks* (2019) 40 Cal.App.5th 320, 327-329, review granted Nov. 26, 2019, S258946; *People v. Cota* (2020) 45 Cal.App.5th 786, 794-795; *People v. Petri* (2020) 45 Cal.App.5th 82, 90-92; *People v. Adams* (2020) 44 Cal.App.5th 828, 831-832.) Our Supreme Court is currently reviewing whether a trial court must consider a defendant's ability to pay before imposing or executing fines, fees, or assessments, and, if so, which party bears the burden of proof. (*People v. Kopp* (2019) 38 Cal.App.5th 47, review granted Nov. 13, 2019, S257844.)

We need not wade into this issue, however.[2] The Attorney General says the "reasonable inference" from the court's statement is that it intended to stay the fine and assessments. As the parties appear to be in agreement, we order the abstract to be amended to provide that the $400 restitution fine and the $70 in fees are permanently stayed.

3.    ***Woods is entitled to one additional day of presentence custody credit***

Finally, Woods asserts he is entitled to 158 days of actual custody credit instead of the 157 days awarded him at

---

[2]    Nor need we address Woods's failure to object to the $400 restitution fine, which exceeds the mandatory minimum of $300. (Former § 1202.4, subd. (b)(1), as amended by Stats. 2017, ch. 101, § 1.) Even before *Dueñas*, courts were permitted to consider a defendant's ability to pay any amount above the statutory minimum. (§ 1202.4, subd. (d); *People v. Avila* (2009) 46 Cal.4th 680, 729.) Accordingly, a failure to object to the $400 fine forfeited the claim on appeal. (*People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1154.) For the same reason, we need not address Woods's argument that his counsel's failure to object constituted unconstitutional ineffectiveness.

6

sentencing.  The Attorney General agrees.  Woods was arrested on November 4, 2017, and sentenced on April 10, 2018.  The trial court is to correct the abstract of judgment to reflect 158 actual days and 23 good conduct days for a total of 181 days of presentence credit.

## DISPOSITION

We modify the judgment (1) to strike Woods's one-year prior prison term enhancement, (2) to order the restitution fine and all court assessments stayed, and (3) to award Woods one additional day of presentence custody credit.  The trial court is to prepare an amended abstract of judgment and to forward a certified copy to the California Department of Corrections and Rehabilitation.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



EGERTON, J.


We concur:



EDMON, P. J.



DHANIDINA, J.


7